**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**vs.**

**Civil Action 2:08-CV-840**
**Judge Sargus**
**Magistrate Judge King**

**L.A. PIPELINE CONSTRUCTION COMPANY, INC.,**

**Defendant.**

**OPINION AND ORDER**

Plaintiff [“the EEOC”] seeks recovery under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 on behalf of one Kevin Madden and a class of black individuals employed by L.A. Pipeline Construction Company, Inc. The EEOC alleges that defendant subjected its black employees at its Elkton, Virginia, worksite to a racially hostile work environment. The *Complaint* specifically alleges that defendant condoned “open and obvious display[s] of nooses on company property” and “employees’ consistent and overt use of racial slurs and epithets directed at blacks.” *Id.* at ¶¶ 7, 9, Doc. No. 2. This matter is now before the Court on defendant’s *Motion for Change of Venue*, Doc. No. 7 (“*Defendant’s Motion*”). For the reasons set forth below, *Defendant’s Motion* is **DENIED**.

The *Complaint* alleges that defendant is “a corporation doing business in the State of Ohio and the City of Belpre, Ohio ....” *Id.* at ¶4. Defendant asserts that, although it is an Ohio corporation, venue in this district is improper because the events referred to in the *Complaint*

allegedly took place at defendant's worksite and field office in Elkton, Virginia, rather than in Ohio. *Memorandum of Law in Support of Defendant's Motion for Change of Venue*, p. 1 (attached as Supplement 1 to *Defendant's Motion*)("*Defendant's Memorandum")*. Invoking 28 U.S.C. § 1406(a) and 42 U.S.C. §2000e-5(f)(3), defendant argues that the Western District of Virginia is the proper venue. Alternatively, and even assuming proper venue in this district, defendant argues that the transfer is appropriate under 28 U.S.C. §1404(a) because the Western District of Virginia, another proper venue, is a more convenient forum.

In response, the EEOC argues that venue in this district is proper under Title VII because defendant's management in Ohio failed to stop or prevent the alleged misconduct at the Elkton worksite and because relevant employment records are maintained in this district. Moreover, the EEOC contends, defendant has failed to establish that the Western District of Virginia is a more convenient forum than that chosen by the EEOC.[1]

## II. STANDARD

### A. 28 U.S.C. § 1406(a)

A district court must dismiss or transfer a case filed in an improper district or division. 28 U.S.C. § 1406(a). For actions brought under Title VII of the Civil Rights Act of 1964, venue is governed by 42 U.S.C. § 2000e-5(f)(3), which provides:

> [A]ctions may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial

[1] Plaintiff also requested that the Court defer resolution of defendant's motion until after the parties exchange Rule 26(a) disclosures and supplement their memoranda. *Plaintiff's Response*, p. 2. The deadline for making Rule 26(a)(1) disclosures was March 4, 2009. *See Preliminary Pretrial Order*, Doc. No. 20. Neither party has supplemented its memorandum. This Court will not, under the circumstances, further delay resolution of *Defendant's Motion.*

> district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of [28 U.S.C. §§ 1404 & 1406], the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3). The statute therefore offers three different bases for proper venue. *Phillippe v. Allen County Child Support*, 2007 WL 4460625, at *2 (S.D.Ohio Dec. 14, 2007). If none of those bases apply, the statute authorizes venue in the district of the employer's principal office.

**B. 28 U.S.C. § 1404(a)**

Section 1404 authorizes the transfer of a civil action properly venued in one district to another, more convenient, district.

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a). The party seeking transfer under 28 U.S.C. §1404 bears the burden of establishing that the balance of relevant factors weighs "strongly in favor of transfer." *Centerville ALS v. Balanced Care Corp.,* 197 F.Supp.2d 1039, 1049 (S.D. Ohio 2002)(quoting *Nicol v. Coscinski,* 188 F.2d 537 (6th Cir. 1951)). Ultimately, however, the decision whether to transfer venue is committed to the sound discretion of the trial court. *Midwest Motor Supply Co. Inc. v. Kimball,* 761 F.Supp. 1316, 1318 (S.D. Ohio 1991).

"In ruling on a motion to transfer under §1404(a), a district court should consider the private interests of the parties, including witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Centerville ALF, Inc.*, 197 F.Supp. 2nd at 1049 (quoting *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). While there is no definitive list of factors that must be considered in determining whether a change of venue is warranted and to what district the action should properly be transferred, a district court may consider a number of case-specific factors. *Id.* Private interest factors include:

> The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947). Public interest factors include docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law. *Id.*

## III. DISCUSSION

### A. Motion to Transfer Pursuant to 28 U.S.C. § 1406(a)

Defendant contends that the Southern District of Ohio is an improper venue because venue in this district satisfies none of the three prongs of 42 U.S.C. § 2000e-

5(f)(3). *Defendant's Memorandum*, p. 6.[2] However, defendant appears to concede that employment records relating to the project upon which Mr. Madden worked are maintained in Ohio. *Id.*, p. 4; *Defendant's Reply*, p. 5 n.1, Doc. No. 17. The action therefore meets the second prong of the statute, which allows a Title VII claim to be properly venued in a district where "employment records relevant to such [alleged unlawful] practice are maintained and administered." 42 U.S.C. § 2000e-5(f)(3).

Defendant also argues that, because "the documents are few in number and have already been provided to the Plaintiff," *Defendant's Memorandum*, p. 5, the Court should nevertheless conclude that the venue provisions of 42 U.S.C. §2000e-5(f)(3) have not been satisfied. The only authority cited by defendant for this proposition, *Washington v. Gen. Motors Corp.*, 2007 WL 315103 (S.D. Ohio Jan. 30, 2007), considered the relative availability of documents only in the context of a requested transfer of venue under 28 U.S.C. §1404; *Washington* does not stand for the proposition that proper venue under 42 U.S.C. §2000e-5(f)(3) requires a particular quantity of documents or that relevant documents be available only in the forum district. *Id.*, at *6.

In short, the Court concludes that venue in this district is proper under 42 U.S.C. §2000e-5(f)(3). Transfer of venue to another district under 28 U.S.C. §1406 is therefore unwarranted.

---

[2]Defendant also seems to suggest that venue in this district is improper because venue would be proper in the Western District of Virginia. *Cf. Defendant's Memorandum*, p. 5. That, of course, is not the proper analysis under 42 U.S.C. §2000e-5(f)(3).

**B. Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)**

Defendant contends that, even if venue in this district is proper, the action should nevertheless be transferred to the Western Division of Virginia, Harrisonburg Division, because that is a district where the action could have been originally brought and because issues of access to proof militate in favor of transfer to that district under 28 U.S.C. §1404(a). Although it appears that the particular job giving rise to this litigation has been completed, *cf. Defendant's Reply,* p.5 n.1, defendant argues that the convenience of the parties, access to evidence and witnesses and relation of the case to Virginia make the Western District of Virginia a more convenient forum.

In general, a plaintiff's choice of forum is entitled to substantial consideration. *Centerville ALF, Inc.,* 197 F.Supp. 2nd at 1050; *Steelcase Inc. v. Mar-Mol Co., Inc.,* 210 F.Supp. 2d 920, 938 (W.D. Mich. 2002). Defendant contends that this consideration is more than balanced, however, by the convenience to the parties and to the witnesses should the case be transferred to the Western District of Virginia. "The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under §1404(a)." *Midwest Motor Supply Co.,* 761 F.Supp. At 1318. Although both parties make representations as to the current locations of potential witnesses, neither party presents evidence in support of those assertions. However, plaintiff asserts, and defendant does not disagree, that certain witnesses whose testimony is likely to prove critical, *e.g.,* defendant's president and general manager and the alleged primary harasser, are not located in Virginia; some witnesses may in fact be beyond the subpoena power of the District Court in the Western District of Virginia. This Court is unable to conclude

that defendant, whose burden it is to justify the requested transfer, has established that the convenience of the witnesses and parties militates in favor of transfer.

Similarly, consideration of public interest factors does not justify the transfer requested by defendant. The median time from filing to disposition of civil cases is not materially different in the Western District of Virginia (8.7 months) than in the Southern District of Ohio (10.3 months). *See Federal Court Management Statistics*, available at http://www.uscourts.gov/judbus2008/contends.cfm. Moreover, it cannot be said that Ohio has no interest in the resolution of plaintiff's claims against this Ohio corporation.

In short, the Court concludes that transfer of the action to the Western Division of Virginia pursuant to 28 U.S.C. §1404(a) is unwarranted.

Defendant's *Motion to Transfer*, Doc. No. 7, is therefore **DENIED.**

April 28, 2009

s/ Norah McCann King
Norah M[c]Cann King
United States Magistrate Judge