IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

L.A. PIPELINE CONSTRUCTION
COMPANY, INC.,

    Defendant.

Case No. 2:08-cv-840
Judge Sargus
Magistrate Judge King

### ORDER

Plaintiff's Motion for Entry of Judgment for Monetary and Injunctive Relief (Doc. 91) is **GRANTED in PART**.

### I.

By Order dated March 1, 2011, the Court found Defendant to be in default in this matter for failing to obtain counsel to represent it at trial. (Doc. 87.) The Court subsequently ordered Plaintiff to move for the entry of a default judgment against Defendant (Doc. 89), and Plaintiff has done so, seeking damages of $200,000 for each of the remaining claimants in addition to injunctive relief.

By stipulation entered February 16, 2010, Plaintiff agreed that it would not seek backpay or pecuniary damages on behalf of the claimants. (*See* Doc. 42.) Further, by Opinion and Order dated June 8, 2010, the Court granted summary judgment in favor of Defendant on the issue of potential punitive damages and on the claims of Tasike Izzard and Akeem Durrette. (*See* Doc.

67 at 34.) The Court's ruling thus precluded the recovery by Plaintiff of punitive damages. The remaining claimants in this action are Kevin Madden, Edward Blackwell, Lamont Barber, Howard Morris, and Samuel Jackson and their recovery is thus limited to non-pecuniary damages.

While Title VII allows for the recovery of non-pecuniary damages, the amount of such damages is capped by statute. Section 1981a of Title 42 provides that:

> [t]he sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party . . . in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000.

42 U.S.C. § 1981a(b)(3). Accordingly, even if punitive damages were still available in this case, the total recovery of each of the remaining claimants would be limited to the $200,000 requested by Plaintiff.

In the Court's view, however, an award of $50,000 in damages per claimant is appropriate based on the record in this case. In this regard, deposition testimony of each of the claimants going to the issue of damages is relatively scarce. As noted in the Court's Opinion and Order of June 8, 2010, Plaintiff was able to survive summary judgment on the issue of damages only by the "slimmest of margins." The Court stated:

> While none of the remaining claimants (except Edward Blackwell) testified that he had incurred medical or other expenses for psychological trauma as a result of being subjected to the hostile work environment by LAP, each (albeit in sometimes contradictory testimony) has alleged some injury. Kevin Madden claims that he felt fear and was hurt; Blackwell claims to have been offended and suffer from stress; Samuel Jackson claims to have been hurt and feel sadness; Lamont Barber felt saddened by the nooses; and Howard Morris claims to have

> suffered humiliation.
>
> "A plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in [establishing compensatory damages]." *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996). "It is well settled that Title VII plaintiffs can prove emotional injury by testimony without medical support." *Id.* "However, damages for mental and emotional distress will not be presumed, and must be proven by 'competent evidence.'" *Id.* (quoting *Carey v. Piphus*, 435 U.S. 247, 264 n.20 (1978)). Here, by the slimmest of margins, the Court finds that the testimony from the remaining claimants concerning fear, humiliation, offense, hurt and sadness provides enough evidence for a reasonable jury to award at least some compensatory damages for non-economic injury to each of these claimants.

(Doc. 67 at 31.) This testimony does not support an award of damages solely for emotional pain and suffering equal to the $200,000 cap, which is inclusive of pecuniary and punitive damages, in addition to non-pecuniary damages.

On the other hand, the hostility of the environment to which the claimants were exposed, evidenced by the presence of nooses, cannot easily be discounted, and lends credibility to claimants' testimony concerning their emotional pain and suffering. As the Court previously stated, "[n]ooses are evocative of the lynching of blacks. These nooses, coupled with the comments about hanging, could conjure fears of the most extreme forms of racial prejudice and violence in the mind of a reasonable person." (Doc. 67 at 16.) Accordingly, the substantial award of $50,000 per claimant is warranted.

## II.

For the reasons stated herein, the Court enters a default judgment against Defendant in the amount of $50,000 in damages each for claimants Lamont Barber, Howard Morris, Edward Blackwell, Kevin Madden, and Samuel Jackson. Defendant will be permanently enjoined from any present or future violations of Title VII; prohibited discrimination shall include any

discrimination on the basis of race or because of conduct protected under Section 704(a) of Title VII. Defendant shall institute any practices and procedures the Court deems necessary and appropriate to eradicate the complained of discrimination. The Clerk is directed to enter judgment in favor of Plaintiff and close this matter, with costs to be assessed against Defendant.

**IT IS SO ORDERED.**

8-5-2011
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE